# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT KNOXVILLE
## Assigned on Briefs November 18, 2008

## WALTER HENNING v. HOWARD CARLTON, WARDEN

### Direct Appeal from the Criminal Court for Johnson County
### No. 5119   Robert Cupp, Judge

---

### No. E2007-01951-CCA-R3-HC - Filed February 9, 2009

---

The Petitioner pled guilty in Sullivan County, Tennessee, to one count of robbery and one count of evading arrest. The trial court sentenced the Petitioner to five years for his robbery conviction and eleven months and twenty-nine days for his evading arrest conviction, with the sentences to be served concurrently. The Petitioner filed a petition for habeas corpus relief, claiming that his judgments were void because neither judgment ordered his sentences to be served consecutively to his unserved sentence in Maryland. The habeas court dismissed the petition without a hearing. After a thorough review of the record and applicable law, we affirm the judgment of the habeas court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JAMES CURWOOD WITT, JR., JJ., joined.

Walter Henning, Pro se, Mountain City, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Lacy Wilber, Assistant Attorney General; for the appellee, State of Tennessee.

### OPINION

### I. Facts and Procedural History

The Petitioner's pre-sentence report set forth the following summary of the conduct underlying his convictions:

> On August 26, 2005, officers were dispatched to the report of a robbery at the Appalachian Community Federal Credit Union, . . . Kingsport, Sullivan County, Tennessee. . . . Two white/males, one being later identified as the defendant, . . . were stopped[] after a short chase, and identified by employees at the credit union as

being the ones committing the robbery. These subjects entered the bank, passed a note demanding the money, and fled with that money; their actions putting the teller in fear. [The Defendant] was arrested and interviewed at the justice center. He was advised of his Miranda rights, which he waived, and he confessed to committing this robbery.

In 2006, the Petitioner pled guilty to robbery and evading arrest, and the trial court sentenced him to five years for the robbery conviction and eleven months, twenty-nine days for the evading arrest conviction, to be served concurrently.

The Petitioner filed a petition for habeas corpus relief claiming that both of his judgments were void because "[t]he Sullivan County Circuit Court was required to run the charges consecutive to the charges in the Maryland jurisdiction but did not." A copy of the Tennessee judgments of conviction accompanied the Petitioner's petition. The Petitioner did not sign and verify the petition by affidavit. Also, the Petitioner did not state that the illegality of his restraint had not been adjudicated in a prior proceeding. Finally, he did not state whether the petition was his first petition for habeas corpus relief. The State moved to dismiss the Petitioner's request for habeas corpus relief, and the Petitioner filed a motion opposing the State's motion to which he attached several additional documents described below.

Although the Tennessee judgments entered against the Petitioner for robbery and evading arrest mention no other existing sentences, the record contains a scanned copy of a Tennessee Department of Correction document notifying the Petitioner that "effective 6/20/2006, a [Maryland] detainer was placed" for the offense of "FTA on VOP" against the Petitioner. The document identified the present status of the charge as of August 3, 2006, as "lifted." The Petitioner also attached the notice of enhancements filed by the State before the Petitioner pled guilty. The notice recites that the Petitioner's offense was committed while he was on release from the Maryland Department of Probation and Parole.

The habeas court issued a written order dismissing the Petitioner's request for habeas corpus relief. The Petitioner now appeals that judgment.

## II. Analysis

The Petitioner contends his Sullivan County, Tennessee, sentences for robbery and evading arrest are void because the Tennessee judgments fail to order that his Tennessee sentences be served consecutively to his Maryland sentence. Further, citing *Baxter v. Rose*, 523 S.W.2d 930, 939 (Tenn. 1979), he asserts that any procedural deficiencies of his petition for habeas corpus relief should be overlooked because, as the Petitioner filed *pro se*, his petition should be construed liberally. The

State responds first that the habeas court properly dismissed the petition because of its numerous procedural deficiencies. The State then asserts that, even if the Petitioner had complied procedurally, the failure, in either of the Petitioner's Tennessee judgments, to reference the manner of service of his Tennessee sentences with respect to his Maryland sentence does not cause the Tennessee judgments to be facially void. We agree with the State.

Whether habeas corpus relief should be granted is a question of law. *Edwards v. State*, No. M2006-01043-SC-R11-HC, -- S.W.3d --, 2008 WL 4248714, at *2 (Tenn. Sept. 18, 2008). Thus, we apply *de novo* review and afford no presumption of correctness to the findings and conclusions of the court below. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007); *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005).

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). The Tennessee statute, however, governs the exercise of this constitutional guarantee. *See* T.C.A. § 29-21-101 (2006). Although the statute does not limit the number of requests for habeas corpus relief a petitioner may make, it does narrowly limit the grounds upon which a court may grant habeas corpus relief. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The petitioner must demonstrate by a preponderance of the evidence that "the sentence is void or that confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Consequently, a petitioner must base his request for habeas corpus relief upon the following very narrow grounds: (1) a claim that, because the convicting court was without jurisdiction or authority to sentence the petitioner, the convicting court's judgment is facially invalid and, thus, void; or (2) a claim that the petitioner's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). Stated differently, a petitioner must demonstrate the judgment is "void" and not merely "voidable." *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhard*, 566 S.W.2d 871, 873 (Tenn. 1978). In contrast, a voidable judgment is "one that is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its validity." *Taylor*, 955 S.W. 2d at 83; *see State v. Richie*, 20 S.W.3d 624, 633 (Tenn. 2000).

A habeas court is not required, as a matter of law, to grant the writ or conduct an inquiry into the allegations contained in the petition. *See* T.C.A. § 29-21-109. If the petition fails on its face to state a cognizable claim, it may be summarily dismissed by the trial court. *See State ex. rel. Byrd v. Bomar*, 381 S.W.2d 280, 283 (1964); T.C.A. § 29-21-109. "If from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused." T.C.A. § 29-21-109.

Further, a petition for the writ of habeas corpus must comply with several strict procedural requirements:

(a) Application for the writ shall be made by petition, signed either by the party for

3

whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107 (2006). A habeas court may dismiss a petition for habeas corpus relief that fails to comply with the above statutory procedural requirements. *Hickman v. State*, 153 S.W.3d 16, 21 (Tenn. 2004).

In the case under submission, the Petitioner failed to adhere to several mandatory requirements for habeas corpus petitions. The Petitioner failed to: (1) sign and verify the petition by affidavit; (2) state that the illegality of his restraint had not been adjudicated in a prior proceeding; and (3) state whether the petition was his first such petition for habeas corpus relief. T.C.A. § 29-21-107 (a), (b)(3), and (b)(4). These reasons alone are sufficient to justify the habeas court's dismissal of the petition.

Notwithstanding the petition's procedural deficiencies, the petition fails to state a cognizable claim for habeas corpus relief. The Petitioner claims his judgments are void because they do not order his Tennessee sentences to be served consecutively to his unserved Maryland sentence. The State suggests that the Petitioner is relying on Tennessee Rule of Criminal Procedure 32(c)(2)(B), which requires:

If, as the result of conviction in another state or in federal court, the defendant has any additional sentence or portion thereof to serve, the court shall impose a sentence that is consecutive to any such unserved sentence unless the court determines in the

4

exercise of its discretion that good cause exists to run the sentences concurrently and explicitly so orders.

The Petitioner's Tennessee judgments do not order his sentences to be served either concurrently or consecutively to his unserved Maryland sentence. In fact, the judgments do not mention or refer to the unserved Maryland sentence. As such, we conclude that the Petitioner's sentence does not "directly contravene" Rule 32(c)(2)(B). Therefore, the Petitioner's sentence is not illegal and may not be set aside as void. *See May*, 245 S.W.3d at 344; *see also Smith*, 202 S.W.3d at 127. Because the Petitioner has failed to demonstrate that either his sentence or judgment is void, we conclude that the habeas court properly dismissed his petitioner for habeas corpus relief.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude the habeas court properly dismissed the Petitioner's petition for habeas corpus relief. Accordingly, we affirm the judgment of the habeas court.

_____
ROBERT W. WEDEMEYER, JUDGE